11th Court of Appeals
Eastland, Texas
Opinion
 
Nelson Romero
            Appellant
Vs.                  No. 11-03-00063-CR -- Appeal from Dawson County
State of Texas
            Appellee
 
            The jury convicted Nelson Romero of the offense of aggravated robbery, made an affirmative
deadly weapon finding, found the enhancement allegation to be true, and assessed punishment at
confinement for 40 years and a $5,000 fine. We affirm. 
            Appellant does not challenge the sufficiency of the evidence. In his sole point of error,
appellant argues that the trial court erred by admitting into evidence the written statement of Manuel
Sanchez. Appellant asserts that Sanchez had not admitted or denied any specific question regarding
any specific statement and that Sanchez’s written statement is hearsay. 
            The record reflects that Sanchez was an accomplice to the crime and had already been
convicted of robbery with respect to this offense when appellant’s trial occurred. The State called
Sanchez to testify. Sanchez immediately stated that he did not remember the events of August 16,
2000, (the date of the instant offense) and that he did not remember giving a statement regarding
those events. Sanchez was then shown a written statement, and he identified the signature on that
statement as his. The record reflects the following with respect to that statement: 
[PROSECUTOR]: Okay. And you said in that statement that you were
approached on the -- 
 
[DEFENSE COUNSEL]: Objection, your Honor. She’s reading from the
statement. It’s not been introduced into evidence. 
 
THE COURT: Sustained. 
 
[PROSECUTOR]: Okay. Well, your Honor, at this time we’d move for
admission of State’s Exhibit No. 8. 
 
[DEFENSE COUNSEL]: Judge, I’m going to object. That contains hearsay. 
The witness is here. He’s not unavailable. 
 
[PROSECUTOR]: Your Honor, he testified it’s his signature. It’s his
statement, and we’ve already heard all the contents of the statement through Larry
Flenniken and through Tommy Flores. 
The trial court overruled defense counsel’s objection and allowed the statement to be introduced into
evidence. After Sanchez was allowed to review the statement, he continued to testify that he could
not remember anything about the robbery. 
            We agree with appellant that the State did not lay the proper predicate for the admission of
the statement as a prior inconsistent statement under TEX.R.EVID. 613 or as an exception to the
hearsay rule under TEX.R.EVID. 803. However, we conclude that any error in the admission of
Sanchez’s statement is not reversible error. Prior to the offer of Sanchez’s statement as State’s
Exhibit No. 8, Detective Tommy Flores had testified regarding the contents of that statement. 
Detective Flores’s testimony tracked Sanchez’s statement in detail. Consequently, under the
principles of either waiver or harmless error, the trial court’s ruling does not constitute reversible
error. Leday v. State, 983 S.W.2d 713, 718 (Tex.Cr.App.1998). Appellant’s sole point of error is
overruled.
            The judgment of the trial court is affirmed. 
 
                                                                                                PER CURIAM
 
April 1, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.